IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD GUERRERO, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-2412 |
| | § | |
| STEVEN C. PRESTON, | § | |
| ADMINISTRATOR, UNITED | § | |
| STATES SMALL BUSINESS | § | |
| ADMINISTRATION, | § | |
|     Defendant. | § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion to Strike Plaintiff's Jury Demand [Doc. # 12] ("Motion to Strike") filed by Defendant Steven C. Preston, Administrator of the United States Small Business Administration. Plaintiff has neither responded to the Motion to Strike nor requested additional time, and the time to do so has now passed. Having reviewed the governing legal authorities, the Court concludes that Defendant's Motion to Strike should be **granted**.

This case arises from events occurring during the employment of Plaintiff by Defendant, a government agency, and the cessation of that employment. Plaintiff alleges that Defendant violated the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §621, *et seq.*, when it treated Plaintiff less favorably in the terms and conditions of his employment than similarly situated younger employees.

Plaintiff has made a demand for a jury trial. Defendant responds that there is no right to a jury in this action by a federal employee for an age discrimination claim under the ADEA.

Congress has specifically waived the sovereign immunity of the United States for suits brought against government agencies for age discrimination. *See* 29 U.S.C. § 633a(a) ("All personnel actions affecting employees . . . who are at least 40 years of age . . . in executive agencies . . . shall be made free from any discrimination based on age."). This waiver, however, does not include the right to a jury trial. In *Lehman v. Nakshian*, 453 U.S. 156, 165 (1981), the United States Supreme Court held that "Congress did not intend to confer a right to trial by jury on ADEA plaintiffs proceeding against the Federal Government." Amendments to Title VII made by the Civil Rights Act of 1991 do not alter this conclusion. *See Harley v. Potter*, 2008 WL 2894385, at *3 (W.D. Okla. July 22, 2008) (holding that the Civil Rights Act of 1991 did not overrule *Lehman* as it relates to federal employees bringing suit under the ADEA); *see also Tomasello v. Rubin*, 167 F.3d 612, 619 (D.C. Cir. 1999) ("In this case there is no Seventh Amendment issue because [plaintiff], as a federal employee, is not entitled to a jury trial on his ADEA claims."); *Layman v. Gutierrez*, 2007 WL 4190709, at *1 (D. Colo. Nov. 20, 2007) ("A federal employee has no right to a jury trial when he brings an ADEA suit against the government.").

Because there is no right to a jury in this action by a federal employee for an age discrimination claim under the ADEA, and it is hereby

**ORDERED** that Defendant's Motion to Strike Plaintiff's Jury Demand [Doc. # 12] is **GRANTED**.

SIGNED at Houston, Texas, this **3rd** day of **April, 2009**.

Nancy F. Atlas
United States District Judge