IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD GUERRERO, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-08-2412 | |
| § | | |
| STEVEN C. PRESTON, § | | |
| ADMINISTRATOR, UNITED § | | |
| STATES SMALL BUSINESS § | | |
| ADMINISTRATION, § | | |
| Defendant. § | | |

## MEMORANDUM AND ORDER

Pending before the Court in this age discrimination case is a Motion for Summary Judgment [Doc. # 16] ("Motion") filed by Defendant Karen Gordon Mills, Administrator, United States Small Business Administration ("SBA").[1] Plaintiff Richard Guerrero ("Guerrero") has responded [Doc. # 17] and Defendant has replied [Doc. # 19].[2] Upon review of the parties' submissions, all pertinent matters of record, and applicable law, the Court concludes that Defendant's Motion should be **granted**.

---

[1] Mills was confirmed SBA Administrator on April 2, 2009, and is automatically substituted as defendant in this action pursuant to Federal Rule of Civil Procedure 25(d)(1).

[2] Additionally, the Court directed the parties to file supplemental briefing in light of *Gross v. FBL Fin. Servs., Inc.*, 129 S. Ct. 2343 (June 18, 2009). Both Plaintiff and Defendant have filed their supplements [Docs. # 21, #22].

## I.   **FACTUAL BACKGROUND**

Between 2000 and 2004, Plaintiff was employed by the SBA in various temporary positions assisting disaster victims. In total during this period Plaintiff was employed by the SBA for approximately 93 days. In September 2005, Plaintiff was again hired as a temporary employee by the SBA to work as a customer service representative to assist Hurricane Katrina victims. Plaintiff was hired over the phone by Edward Liscomb ("Lipscomb"), Field Operations Officer for the SBA's Loan Processing and Distribution Center ("PDC"), to work at the Houston Disaster Recovery Center ("DRC"). Plaintiff's direct supervisor at the Houston DRC was Linda Cobb ("Cobb"), who in turn reported to Lipscomb at the PDC. Plaintiff was 76 years old during his employment at the Houston DRC. In addition to Plaintiff, five SBA employees worked at the Houston DRC during the relevant period: Cobb, who was 62 years of age; Charles Rogers, who was 70 years of age; Johnny Smith, who was 40 years of age; Sam Pepper, who was 47 years of age; and Pauline Coleman, who was 57 years of age.[3]

Plaintiff's employment at the Houston DRC began on September 3, 2005. On

---

[3]   *See* Defendant's Answers to Plaintiff's Interrogatories, Exh. 3, Interrogatory 12, to Plaintiff's Response to Defendant's Motion [Doc. # 17]. Additionally, Don Gerstenberger, a FEMA employee on loan to the SBA to assist at the Houston DRC, worked with Plaintiff under Cobb's supervision. Gerstenberger was 50 years old during the relevant period.

September 4, 2005, in a phone conversation with Lipscomb, Cobb voiced concern that Plaintiff did not have a firm understanding of the SBA program concepts and was unable to adequately assist the victims by taking applications and talking to them about the programs. Cobb subsequently assigned Plaintiff to the front desk to hand out a preliminary information sheet and to ask the disaster victims to complete it. Cobb found Plaintiff's performance of the front desk duties unsatisfactory. On September 7, 2005, Cobb again spoke with Lipscomb about Plaintiff's performance. Cobb informed Lipscomb that Plaintiff did not understand the SBA's disaster programs and could not articulate them to the victims, that he would not stay at his work station, that he would not listen to suggestions on how he could improve his performance, and that he took an extra 15 minutes for lunch each day. Lipscomb then spoke with Plaintiff by phone, telling him about the performance problems that had been reported by Cobb and informing him that he would need to make immediate improvements to show that he was really interested in assisting the victims. On September 8, 2005, Lipscomb again spoke with Cobb who told him that there had been no improvement in Plaintiff's performance. Lipscomb then spoke with Plaintiff and informed him that his employment was being terminated due to performance issues. Plaintiff denies all of Cobb's allegations regarding his job performance.

On January 17, 2006, Plaintiff filed a formal Equal Employment Opportunity

("EEO") complaint against Defendant alleging that he was subjected to discrimination on the basis of sex, age, and retaliation. Plaintiff filed this lawsuit on August 4, 2008, after exhausting his administrative remedies. Plaintiff now asserts only a claim for age discrimination under the Age Discrimination in Employment Act ("ADEA") 29 U.S.C. § 621 *et seq*.

## II.   LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 322–23; *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008).

For summary judgment, the initial burden falls on the movant to identify areas

essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party, however, need not negate the elements of the non-movant's case. *See Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). Although the facts are to be reviewed in the light most favorable to the nonmoving party, factual controversies are resolved in favor of the non-movant "only 'when both parties have submitted evidence of contradictory facts.'" *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004) (quoting *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999)). The non-movant's burden is not met by mere reliance on the allegations. *See Diamond Offshore Co. v. A&B Builders, Inc.*, 302 F.3d 531, 545 n.13 (5th Cir. 2002). The nonmoving party must present specific facts which show "the existence of a genuine

issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted). In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)). "When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *See id.* (internal citations and quotations omitted).

### III.   ANALYSIS

Plaintiff claims that the SBA unlawfully discriminated against him in violation of the ADEA when it terminated his employment on September 8, 2005. Under the ADEA, "[i]t shall be unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Unlawful discrimination under the ADEA may be established through either direct or circumstantial evidence. *Berquist v. Wash. Mut. Bank*, 500 F.3d 344,

349 (5th Cir. 2007).  Because Plaintiff offers no direct evidence, his claim is analyzed using the test set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).  *See Berquist*, 500 F.3d at 349; *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 350 (5th Cir. 2005); *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004).[4]

Under the *McDonnell Douglas* burden shifting test, Plaintiff must first establish a *prima facie* case of discrimination, which raises a presumption of discrimination. *Alvarado v. Tex. Rangers*, 492 F.3d 605, 611 (5th Cir. 2007).  In order to establish a *prima facie* case of age discrimination under the ADEA, Plaintiff must show:  (1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age."  *Berquist*, 500 F.3d at 349 (citing *Rachid*, 376 F.3d at 309).

---

[4]   The Supreme Court recently issued a decision questioning whether the *McDonnell Douglas* framework applies to actions under the ADEA.  *See Gross*, 129 S. Ct. at 2349 n.2 ("[t]he Court has not definitively decided whether the evidentiary framework of *McDonnell Douglas* . . . utilized in Title VII cases is appropriate in the ADEA context."); *see also Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 142 (2000) ("This Court has not squarely addressed whether the *McDonnell Douglas* framework, developed to assess claims brought under § 703(a)(1) of Title VII . . . also applies to ADEA actions.  Because the parties do not dispute the issue, we shall assume, *arguendo*, that the *McDonnell Douglas* framework is fully applicable here.").  In the absence of further determinative directions from the Supreme Court, however, the Court applies relevant Fifth Circuit authority which consistently holds that the *McDonnell Douglas* framework applies to ADEA actions.  *See, e.g., Berquist*, 500 F.3d at 349; *Machinchick*, 398 F.3d at 350; *Rachid*, 376 F.3d at 309.

If Plaintiff establishes his *prima facie* case, the burden shifts to Defendant to articulate a legitimate, nondiscriminatory reason for its actions. *Id.* If Defendant meets this burden, the presumption of discrimination dissipates. *Machinchick*, 398 F.3d at 350. Plaintiff must then "prove, by a preponderance of the evidence, that age was the "but-for" cause of the challenged adverse employment action." *Gross,* 129 S. Ct. at 2351. "The burden of persuasion does not shift to the employer to show that it would have taken the action regardless of age, even when a plaintiff has produced some evidence that age was one motivating factor in that decision." *Id.* at 2352.

### A. <u>Plaintiff's *Prima Facie* Case</u>

Defendant does not dispute that Plaintiff has established the first three elements of his *prima facie* case. Plaintiff's employment was terminated, he was presumably qualified for the position because he had been hired by the SBA on multiple occasions over the past four years, and he was 76 years old at the time he was discharged. Defendant argues that Plaintiff cannot establish the fourth element of his *prima facie* case. In order to establish the fourth element of his *prima facie* case, Plaintiff must show that he was replaced by someone outside the protected class, replaced by someone younger, or otherwise discharged because of his age.

### 1. Whether Plaintiff was Replaced by Someone Younger or Outside the Protected Class

Defendant argues that Plaintiff cannot establish the fourth element of his *prima facie* case in this manner because Plaintiff has failed to present evidence that anyone was hired to replace him. Defendant argues that Plaintiff's duties were reassigned to and assumed by the existing employees at the Houston DRC.[5] When a plaintiff has been terminated and his job duties are reassigned to existing employees who perform plaintiff's duties in addition to continuing to perform their previous duties, the employee has not been replaced for purposes of establishing his *prima facie* case. *See Lilley v. BTM Corp.*, 958 F.2d 746, 752 (6th Cir. 1992) ("Spreading the former duties of a terminated employee among the remaining employees does not constitute replacement."); *Wallace v. SMC Pneumatics, Inc.*, 103 F.3d 1394, 1397 (7th Cir. 1997) (distinguishing *Lilley* "from a situation in which *A* is fired, *B* and *C* are assigned each to do half the work formerly done by *A*, and *D* is hired to do the work of *B* and *C* that they must give up to do *A*'s work. That is replacement, even though *A*'s duties have been split among two (or more) employees."); *see also Smith v. F.W. Morse & Co.*, 76 F.3d 413, 423 (1st Cir. 1996); *Harmon v. Earthgrains Baking Cos., Inc.*, 2009 WL 332705, at * 5 (6th Cir. Feb 11, 2009) (unpublished); *Novotny v. Elsevier*, 291 F. App'x 698, 702–03 (6th Cir. 2008) (unpublished); *Dulin v. Dover Elevator Co.*, 1998

---

[5] Defendant's Motion [Doc. # 16], at 9.

WL 127729, at *3 (5th Cir. Mar. 2, 1998) (unpublished) *Lewis v. Home Depot U.S.A., Inc.*, 2007 WL 1100422, at *4 (W.D. Tex. Apr. 10, 2007); *Horak v. Glazer's Wholesale Drug Co., Inc.*, 2006 WL 2017110, at *4 (N.D. Tex. July 19, 2006); *Martin v. Bayland, Inc.*, 403 F. Supp. 2d 578, 583 (S.D. Tex. 2005), *aff'd* 181 F. App'x 422 (5th Cir. 2006) (unpublished).

Plaintiff does not direct the Court to contrary authority. Plaintiff merely responds by stating that Defendant's Answers to Plaintiff's Interrogatories states that "[t]he individuals who replaced Plaintiff after his September 8, 2005, termination from the [SBA] were Pauline Coleman, Linda Cobb, Charles Rogers, Samuel Pepper, and Johnny Smith."[6] All five of these individuals were employed by the SBA at the Houston DRC. Because these "replacements" were existing employees and Plaintiff presents no evidence that they did not continue with their previous job duties in addition to taking on Plaintiff's duties, Plaintiff has not shown that he was replaced by someone younger or outside the protected class for purposes of establishing his *prima facie* case.

---

[6] Defendant's Answers to Plaintiff's Interrogatories, Exh. 3 to Plaintiff's Response [Doc. # 17], at 1.

### 2.     Whether Plaintiff was Otherwise Discharged Because of His Age

Alternatively, in order to establish the fourth element of his *prima facie* case, Plaintiff may present circumstantial evidence that he was otherwise discharged because of his age. *Berquist*, 500 F.3d at 351. Having fully examined the evidence presented, the Court concludes that Plaintiff has failed to establish that he was otherwise discharged because of his age.

First, Plaintiff asserts in a conclusory manner that his termination was discriminatory because he "was the oldest one there."[7] Plaintiff's subjective belief that his termination was based on his age does not satisfy his burden of establishing the fourth element of his *prima facie* case. *See Waggoner v. City of Garland, Tex.*, 987 F.2d 1160, 1164 (5th Cir. 1993) ("We have held that a plaintiff's subjective belief that his discharge was based on age is simply insufficient to establish an ADEA claim." citing *Elliott v. Group Medical & Surgical Serv.*, 714 F.2d 556, 567 (5th Cir. 1983)). Moreover, the fact that Plaintiff was the oldest employee working at the Houston DRC does not establish that he was otherwise discharged because of his age. "To make out an ADEA claim, the plaintiff must establish some nexus between the employment actions taken by the employer and the employee's age . . . [and] a bald assertion that one exists . . . simply will not suffice." *Wyvill v. United Cos. Life Ins.*

---

[7]     Deposition of Richard G. Guerrero, Exh. 2 to Defendant's Motion [Doc. # 16], at 54.

*Co.*, 212 F.3d 296, 305 (5th Cir. 2000) (quoting *Moore v. Eli Lilly & Co.*, 990 F.2d 812, 819 (5th Cir. 1993)). Plaintiff's bare assertion of his subjective belief does not establish the required nexus and does not demonstrate that he was discharged because of his age.[8]

Plaintiff's Complaint also alleges that Cobb singled out Plaintiff about his dress. The single instance on September 3, 2005, during which Cobb informed Plaintiff that he could dress casually while working at the Houston DRC in no way constitutes circumstantial evidence that he was discharged because of his age.[9] Plaintiff additionally presents the testimony of Don Gerstenberger, who testified that "I believe that Mr. Guerrero was discriminated against, but I do not know if it was

---

[8] The logic of this principle is particularly clear in the circumstances at bar, where all five of the other employees were also members of the protected class.

[9] **Q [Defendant's Counsel]:** Okay. How about when she told you that you did not have to come in with a coat and tie, meaning that you could come in more casual, why do you think she said that to you based on your age? Why?
**A [Plaintiff]:** Just to criticize me. Why else would you tell someone: You are dressed up, you don't have to be dressed up. I mean, I don't know.
**Q:** Do you think it was because of your age?
**A:** I was older than she was. I was more experienced than she was. I knew my job. And she's saying I didn't.
**Q:** But why are you saying it is because of age?
**A:** Because I was the oldest person there.

Deposition of Richard G. Guerrero, Exh. 2 to Defendant's Motion [Doc. # 16], at 58–59.

because of his age and/or sex."[10] Gerstenberger's testimony is equivocal on his view about the reason for Defendant's termination of Plaintiff's employment, and is insufficient on its face to establish causation. Moreover, even if one assumed the testimony supported an age discrimination motive or cause, which it does not, the testimony constitutes merely Gerstenberger's subjective belief regarding the basis for Defendant's termination of Plaintiff's employment and, accordingly, is legally insufficient to establish that Plaintiff was discharged "because of" his age. Gerstenberger additionally testified that

> Ms. Cobb is not a pleasant person to begin with and I noticed that she treated the staff she brought with her from Ft. Worth in a civil manner and she was always gruff [to] Mr. Guerrero, and to a lesser degree with me. On occasion when referring to Mr. Guerrero, I heard her say where is he, [is] he not back with the copies yet, how long does it take to go to Office Depot, and, on another occasion when he returned form [sic] a trip, she told him that he took his sweet time making the trip, to which Mr. Guerrero replied that he had a hard time finding stuff on the list, or words to that effect. Her comments and actions struck me as odd because she did not talk to or about the other employees in this manner.[11]

This testimony suggests nothing more than Cobb's dissatisfaction with Plaintiff's job performance and does not raise an inference that Plaintiff was discharged because of his age.

A plaintiff may alternatively demonstrate that he was otherwise discharged

---

[10] *Id.*

[11] Affidavit of Don Gersternberger, Exh. 3 to Plaintiff's Response [Doc. # 17], at 3–4.

because of his age by presenting "evidence of disparate treatment" which "may still logically suggest a discriminatory motive for purposes of establishing a prima facie case of age discrimination." *Machinchick*, 398 F.3d at 353 n.26. In disparate treatment cases, a plaintiff-employee must show that the employer gave preferential treatment to another employee under nearly identical circumstances. *Okoye v. Univ. of Tex. Houston Health Sci. Cent.*, 245 F.3d 507, 514 (5th Cir. 2001). A plaintiff "must show 'nearly identical' circumstances for employees to be considered similarly situated." *Berquist*, 500 F.3d at 353. These "nearly identical" circumstances include the performance or misconduct issues that the employer asserts as the basis for the challenged adverse employment action. *See Wyvill v. United Cos. Life Ins. Co.*, 212 F.3d 296, 305 (5th Cir. 2000). Here, even assuming that the other SBA employees at the Houston DRC were similarly situated in terms of their job duties, Plaintiff has failed to identify any employee who was similarly situated with respect to the job performance issues identified by Defendant as the basis for the termination of Plaintiff's employment. This deficiency is fatal to Plaintiff's attempt to establish disparate treatment. In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts. *Little*, 37 F.3d at 1075.

Because Plaintiff has failed to meet his burden to establish evidence of disparate treatment and because Plaintiff has not presented any other circumstantial evidence

raising an inference that Plaintiff was discharged because of his age, the Court concludes that Plaintiff has failed to establish the fourth element of his *prima facie case*.

### B. Defendant's Legitimate Nondiscriminatory Reason and Plaintiff's Evidence of Pretext

Assuming, *arguendo*, that Plaintiff could establish his *prima facie* case, Defendant has responded with a legitimate, nondiscriminatory reason: Plaintiff's employment was terminated because of the job performance issues observed by Cobb and reported to Lipscomb by Cobb. The burden on Defendant at this stage "'is one of production, not persuasion . . . [and] can involve no credibility assessment.'" *Rios v. Rossotti*, 252 F.3d 375, 379 (5th Cir. 2001) (quoting *Reeves*, 530 U.S. at 142). Defendant's proffered legitimate, nondiscriminatory reason satisfies this burden.[12]

Because Defendant has proffered a legitimate, nondiscriminatory reason for terminating Plaintiff's employment, the burden shifts to Plaintiff to establish that "prove, by a preponderance of the evidence, that age was the "but-for" cause of the

---

[12] Moreover, the performance issues identified by Defendant are corroborated in part by the affidavit of Charles Rogers, one of Plaintiff's co-workers at the Houston DRC, who states that "[m]y recollection is that Mr. Guerrero did substantially less than the rest of the staff in keeping the area clean or in moving/stacking boxes," and "I do not have a recollection of him sitting at his work area and screening applicants, as was his job. Rather my recollection is of him visiting with others." Affidavit of Charles Rogers, Exh. 8 to Defendant's Motion [Doc. # 16], at 3.

challenged adverse employment action." *Gross,* 129 S. Ct. at 2351.[13] Plaintiff has not satisfied this burden. For the reasons discussed above in Sections A.1 and A.2, Plaintiff has failed to establish that he was discharged because of his age, much less establish that age was the "but-for" cause of Defendant's termination of his employment.

### IV. CONCLUSION

Based on the foregoing, the Court concludes that Plaintiff has failed to establish his *prima facie* case of age discrimination against Defendant. Moreover, Plaintiff has failed to meet his ultimate burden to establish that age was the "but-for" cause of Defendant's termination of his employment. Accordingly, it is hereby

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 16] is **GRANTED**.

The Court will enter a separate final judgment.

**SIGNED** at Houston, Texas, this 18th day of **August, 2009**.

_____
Nancy F. Atlas
United States District Judge

---

[13] This again assumes *arguendo* that Plaintiff could establish his *prima facie* case, which he has not.